**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TORREY ALLEN FETHEROLF,

Defendant - Appellant.

No. 96-4165
(D. Ct. No. 96-CV-400)
(Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Petitioner Fetherolf appeals from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. Petitioner alleges on appeal that the district court erred in denying post-conviction relief

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

because the district court failed to determine that the U.S. District Court for the District of Utah was without subject-matter jurisdiction when it sentenced petitioner on his original sentence. We affirm.

In January 1993, petitioner pled guilty to armed bank robbery in the U.S. District Court for the District of Utah. It is clear from the record that during that guilty plea proceeding, the United States specifically stated on the record that the banks to which petitioner was pleading guilty of robbing had been insured by the National Credit Union Association and that petitioner had used a gun in one of the robberies. Petitioner's attorney was asked if the facts were sufficient for the United States to establish its case. Petitioner's attorney agreed that the facts asserted by the United States were sufficient to establish the elements of the case. The judge reiterated that the banks were insured by the National Credit Union Association. Further, this court in affirming the direct appeal of petitioner's judgment and sentence stated that the banks were insured by the National Credit Union Association. Therefore, there is no merit to petitioner's allegations that the district court was without subject matter jurisdiction to accept the guilty plea or to impose sentence pursuant to that guilty plea.

Petitioner further alleges on appeal that his trial counsel failed to provide adequate assistance of counsel because counsel did not challenge the district court's jurisdiction over the offense. This allegation on appeal is premised on

petitioner's argument that he was convicted of robbing banks which were not insured for the purposes of 28 U.S.C. § 2113(d). Petitioner failed in the district court and has failed on appeal to come forward with any evidence that the banks he robbed were not insured by the National Credit Union Association. The record supports a determination that the financial institutions robbed were so insured. Therefore, petitioner has failed to provide any colorable showing of a basis for a lack of subject matter jurisdiction or for ineffective assistance of counsel.

The United States has filed a motion to supplement its answer brief to respond to the petitioner's claim concerning ineffective assistance of counsel. That motion is granted. All other motions are denied. The order of the district court is affirmed for substantially the reasons given by the magistrate judge and adopted by the district court. AFFIRMED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge